## ACTION BY DAUGHTERS TO RECOVER DIVIDENDS COLLECTED AND USED BY THEIR FATHER.

Circuit Court of Hamilton County.

PEARL R. LAMKIN v. JOHN F. ROBINSON; AND CAROLINE R. STEVENS v. JOHN F. ROBINSON.

Decided, April 6, 1912.

Upon attaining their majority the daguhters of R, who was their guardian and held stocks inherited by them from their mother, appeared in the probate court, receipted for balances shown to be due them on account of dividends collected on said stocks, and in writing in the presence of the probate judge asked that the accounts of their father as guardian be confirmed. For some years thereafter they permitted their father to continue to draw the dividends on said stocks and apply them to his own use, and then by written agreements authorized him to retain possession of said stocks and to collect and use the dividends as long as he lived. After another long interval suits were filed by the said daughters against their father, in which it was alleged that the agreements were void

and the court was asked to cancel the agreements and adjudge to them the dividends drawn by their father. *Held:*

1. The agreements did not change the situation of the parties, but simply gave to the defendant a legal right to do what he had long been doing with the consent of the plaintiffs.

2. Approval of the accounts of their guardian, long acquiescence in his use of the dividends, and a seeming recognition of the propriety of his having said income, require that a recission of the agreements with a judgment for the dividends be based on strong and convincing evidence.

3. Inasmuch as that part of the agreements, which provided in each case that in case of the death of the daughter without issue before that of her father said stock should revert to him and become his property, can not become effective until the death of said daughters, its testamentary character and lack of consideration will not be considered at this time.

*Healy, Ferris & McAvoy,* for plaintiffs in error.
*Stephens, Lincoln & Stephens* and *Charles M. Leslie,* contra.

JONES, J.; SMITH, P. J., and WINCH, J. (sitting in place of Swing, J.), concur.

These cases are in this court on appeal from the court of common pleas and were tried together. The plaintiffs each ask for a large judgment against defendant upon claims which are similar except in amount and based upon like transactions between the two plaintiffs and their father, the defendant.

When plaintiffs were small children their mother died possessed of certificates of stock of the par value of ninety-five thousand dollars which had been transferred to her by defendant without consideration and for precautionary reasons about five years before her death, which occurred in the year 1889.

After the death of the mother, the father was appointed guardian of the minor children and in the years 1896 and 1899, respectively, the plaintiffs became of age. Accounts in each case were soon filed in the probate court and were settled and approved. The former wards in each instance appeared in the probate court, receipted for the balances shown to be due them and in writing in the presence of the judge of said court asked him to confirm the account.

It appears that the money was not, in fact, paid over to the daughters and these suits were filed in October, 1908, for its re-

covery. The petitions allege, also, that the defendant continued to draw and appropriate to his use the dividends on these stocks until the filing of these actions and pray for the recovery of the dividends so collected.

On June 13, 1903, the daughter, Caroline, signed an agreement authorizing her father to retain possession of her certificates of stock and to collect and use the dividends thereon as long as he lived. It also provided (Item 4) that in case of her death without issue before the death of defendant said stock was to revert to him and become his property.

On March 3d, 1905, the daughter, Pearl, signed an agreement of the same purport and containing the same provisions.

The petitions allege that these agreements are void for reasons stated therein and ask that they be canceled and annulled and that all dividends collected by defendant under their authority be adjudged to plaintiffs.

These agreements, so far as they related to the dividends, did not change the situation of the parties. They simply created in the defendant, as a legal right, that which he had been exercising by the consent and acquiescence of plaintiffs since they became of age.

This long acquiescence, in connection with their approval of his accounts as guardian, in which act on their part there seems to have been a recognition of the propriety of his having the income from said stock from the date of their mother's death, should cause a court of equity to require strong and convincing evidence sustaining, at least, one of the grounds for rescission alleged in the petition.

In meeting this requirement and in sustaining the burden of proof resting upon them plaintiffs have failed and this, too, with respect to the settlements in the probate court as well as to the agreements.

It is claimed that Item 4 of said agreements is testamentary in character and void for absence or inadequacy of consideration. As said item has nothing to do with the questions in this case and can have no effect until the death of one of the plaintiffs we have deemed it unnecessary to consider the validity of "Item 4" and the decree may so recite.

The petitions are dismissed.